Taliaferro, J.
This is an injunction suit. The defendant, in injunction, George Guier, a judgment creditor of Horace B. Tibbetts for a large amount, caused a fieri facias to issue and seized a plantation, called “ Hollybrook,” which was advertised for sale by the sheriff. The plaintiff enjoined the sale of the property, alleging herself to be-the owner of the plantation seized, and in possession thereof under good and lawful title.
The facts, as we learn them from the record, seem to be that the plaintiff and his brothers and sisters inherited a large estate in the parish of Carroll, from the succession of their father, J. Wallace Keene,, who died in the year 1853; and, subsequently, as legatees under the will of their grandfather, W. B. Keene, who died in 1857, the petitioner and his coheirs received a large and valuable amount of property, that the petitioner and his coheirs were at that period minors and their mother was their duly appointed tutrix, who took control and management of their entire property; that their mother and tutrix, in the month of December, 1857, intermarried with Horace B. Tibbetts,, without the calling of a family meeting to consider the propriety of the mother being retained in the tutorship and authorizing her to retain it-after her second marriage; that the administration of the minors’ property was carried on by Mrs. Tibbetts and husband after their marriage, and they executed a bond for the faithful discharge of their duties as tutrix and cotutor; that some eighteen months after their marriage they were duly appointed by legal'authority tutrix and co-tutor to the minors.
It appears further that in January, 1860, Horace B. Tibbetts bought the Hollybrook plantation; that on the tenth of October, 1866, George Guier recovered a judgment in his favor against the said Tibbetts for $21,000, and caused it to be recorded on December 22 following.
*233 In 1866 the undertutor to the minors filed a petition in the proper court, calling upon the tutrix and cotutor to file an account of the tutorship ; an account was filed by them in 1868 ,• opposition to this account was filed by the petitioner, Bodein Keene, R. Subman Keene and Mary Keene, who had then attained the age of majority.
Upon an examination of the account and hearing the oppositions the court rendered judgment, fixing a balance due the heirs by the tutrix and cotutor of $150,000, and recognized a legal mortgage against the property of the tutrix, to date and take effect from the first of January, 1854, and against the property of the cotutor, to have effect from the first of January, 1858. This legal mortgage recognized by the judgment has been kept in force by duly recording it in conformity with law.
An execution was issued on the judgment so obtained, and the Hollybrook plantation, as the property of the tutrix and cotutor, containing eleven hundred acres, was seized and sold in February, 1870, and. purchased by Bodein Keene, the plaintiff in this case, at the price of $5514, and went into possession of it and so remained in undisturbed possession until April, 1873, when George Guier issued execution on his judgment, and caused the said plantation to be seized and advertised, and to restrain the sale of which the plaintiff obtained the injunction aforesaid.
On the trial of the case in the lower court, judgment was rendered perpetuating the injunction, and a judgment of nonsuit against the plaintiff on his claim for damages.
From this judgment the defendant, Guier, has appealed.
The principal question for solution is: Had the minors Keene a legal mortgage against the Hollybrook plantation, arising from their judgment against their tutrix and cotutor? It was determined by this court in the case of Emily Hatcher v. Jackson, 21 An. 737, that the property of a cotutor is not subjected to the legal mortgage of the minor. By the term cotutor, however, we understand the person who becomes so by the fulfillment of the requirements of law. Where the mother, being the natural tutrix of her minor children, contracts a second marriage, she is required, previous to the marriage, to cause a family meeting to be convened for the purpose of determining whether she shall remain tutrix after the marriage. If she fails in this duty she loses the tutorship ipso facto. In such a case the children of a previous marriage have a legal mortgage on the property of the new husband, for the acts of the tutorship thus unlawfully kept by the mother, reckoning from the day on which the new marriage took place. Civil Code» article 3316. The article preceding it, 3315, has the same force and bearing. There is a legal mortgage on the property of persons who,. *234 without having been appointed tutors to minors or curators of interdicted or absent persons, interfere in the administration of their property, reckoning from the day in which the first act of interference was done.
Recurring to the facts of the case before us, we see that for about seventeen months succeeding the time of the marriage, embracing too, an important period of their administration of the minors’ property, Mrs. Keene, the mother, and her “ new husband,” were unauthorized to exercise the functions of tutorship, and that it was unlawfully kept by the mother at least during that period, and, consequently, that the penalty prescribed by article 3316 of the Civil Code was incurred, viz : that of subjecting the property of the husband to the legal mortgage of the minors. But, in order to fix the amount of the liability incurred during the period the tutorship was illegally held by the mother, we must remand this case to the court a qua for that purpose. The record of the case presented to this court is extremely meager, and contains no data by which such liability may be ascertained by this court. .
It is therefore ordered that the judgment of the lower court be annulled and that this case be remanded to the court of the first instance, to the end that the indebtedness and liability, if any, incurred by the mother to the minors during the time that intervened between the date of the marriage and that of the appointment of the mother and her husband to the offices of tutrix and cotutor be definitely ascertained and fixed.